# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIO CESAR NAJERA MALDONADO,**) <br> ) <br> Petitioner, ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **CHAD WOLF,** Acting Secretary of the ) <br> Department of Homeland Security ) <br> ) <br> **DIANE WITTE,** Director, Maryland ) <br> Field Office, United States Immigration and ) <br> Customs Enforcement ) <br> ) <br> **WILLIAM BARR,** Attorney General of the ) <br> United States, ) <br> ) <br> Respondents. ) | Case: 1:20−cv−00012 <br> Assigned To : Howell, Beryl A. <br> Assign. Date : 1/3/2020 <br> Description: TRO/PI (D−DECK) <br><br> <u>Case No.:</u> <br> Alien Registration No.: 098-599-560 |

## COMPLAINT

## INTRODUCTION

1.  Plaintiff, Julio Cesar Najera Maldonado, by and through undersigned counsel brings this
    action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 to force
    Defendant Executive Office for Immigration Review ("EOIR") to comply with a FOIA
    request. On October 10, 2019, the Plaintiff sought records from EOIR related to his
    personal immigration case record before the court. Defendant has violated FOIA by

failing to disclose the requested documents within the statutorily prescribed time limit. The Plaintiff now asks the Court to order Defendant to respond to the request and disclose all responsive records improperly withheld.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331 because this action arises under FOIA against an agency of the United States.

3. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff, a foreign national, is currently detained in the custody of Immigration and Customs Enforcement ("ICE") at the direction of Defendants at the Snow Hill Detention Center located at 5022 Joyner Road, Snow Hill, MD 21863. (*See* Exhibit C.)

5. Defendant, Diane Witte, is named in her official capacity as the ICE Field Director for Baltimore, Maryland. In this capacity, she is a legal custodian of petitioner. Defendant Witte's official address is 31 Hopkins Plaza, 6th Floor, Baltimore, MD 21201.

6. Defendant, Chad Wolf, is named in his official capacity as the Acting Secretary of DHS. He is responsible for the administration of the immigration laws. 8 U.S.C. § 1103(a). DHS is headquartered in the District of Columbia and Mr. Wolf and is legally responsible for Plaintiff's detention. Defendant Wolf's official address is United States Department of Homeland Security, 3801 Nebraska Ave NW, Washington, DC 20016.

7. Defendant William Barr is named in his official capacity as the Attorney General of the United States. He is responsible for the administration of the immigration laws as exercised by the Executive Office for Immigration Review. 8 U.S.C. § 1103(g).

Defendant Barr's address is United States Department of Justice, 950 Pennsylvania

Avenue, N.W., Washington, D.C. 20530.

## STATUTORY FRAMEWORK

8. FOIA promotes open government by providing every person with a right to request and

   receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

9. In furtherance of its purpose to encourage open government, FOIA imposes strict

   deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C.

   § 552(a)(6)(A).

10. An agency must comply with a FOIA request by issuing a determination within twenty

    business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

11. The determination "must at least inform the requester of the scope of the documents that

    the agency will produce, as well as the scope of the documents that the agency plans to

    withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v.*

    *Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

12. An agency may be entitled to one ten-day extension of time to respond to a request if it

    provides written notice to the requester explaining that "unusual circumstances" exist that

    warrant additional time. 5 U.S.C. § 552(a)(6)(B).

13. An agency shall make available a FOIA public liaison to aid the requestor in limiting the

    scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. §

    552(a)(6)(B)(ii).

14. An agency must immediately notify the requester of its determination whether to comply

    with a request, and the reasons for it, and of the right of such person to appeal an adverse

    determination. 5 U.S.C. § 552(a)(6)(B)(ii).

15. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

17. Plaintiff is a thirty-six-year-old native and citizen of Honduras who entered the United States without inspection in January 2005. Plaintiff has remained in the United States since that date. Plaintiff was detained by immigration officials upon entering the United States and then released. Plaintiff did not receive proper notice of the upcoming hearing in his immigration proceedings and thus did not attend. The Immigration Court in Harlingen, Texas ordered Plaintiff removed from the United States *in absentia* on May 23, 2005.

18. On October 3, 2019, Plaintiff was pulled over while driving and then transferred to ICE custody to be detained at the Worcester County Detention Center in Snow Hill, Maryland pursuant to his 2005 removal order.

19. Plaintiff, by and through undersigned Counsel, sent a FOIA request by mail to Defendant EOIR ("the Request") on October 10, 2019. The request sought records related to Plaintiff's personal immigration case record before the Court. (*See* Exhibit A.) The request was filed so that Plaintiff could review these records from his previous immigration proceedings and work with undersigned Counsel to prepare a Motion to Reopen his case and eliminate Plaintiff's 2005 removal order.

20. EOIR is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

21. Defendant EOIR issued a receipt notice for the Request, dated October 22, 2019. (*See* Exhibit B).

22. The statutory deadline for EOIR to respond passed on November 20, 2019.

23. On December 27, 2019, Plaintiff, through undersigned Counsel, contacted the EOIR FOIA Public Liaison via telephone and left several voicemails requesting to be contacted about the status of the Request. Plaintiff never received a response to this contact attempt.

24. As of the filing of this Complaint, Defendant EOIR has not produced any responsive documents. EOIR has not objected to the Request or invoked any extension to respond to the Request pursuant to 5 U.S.C. § 552(a)(6)(B). EOIR has also not provided any information regarding specific circumstances preventing disclosure of the records sought.

25. Where Defendant has failed to provide any substance responses to the Request within the statutory timeframe, it has constructively denied the request. As such, Plaintiff has exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

26. Plaintiff has a legal right to the requested records. Defendant has improperly withheld those records, forcing Plaintiff to file suit to enforce his rights under FOIA.

27. Plaintiff has a compelling and immediate need for the information requested in order to be able to exercise his right to due process under the Constitution. The records requested contain vital documents relating to Plaintiff's past immigration case, without which Plaintiff's Counsel cannot adequately advise Plaintiff or prepare any defense on behalf of Plaintiff in his immigration proceedings. Plaintiff is being detained subject to a removal order issued by EOIR in 2005 and he seeks records related to the issuance of this order so

that he may file a Motion to Reopen the immigration proceedings against him as the removal order was issued against him *in absentia*.

28. Plaintiff is permitted only one Motion to Reopen in his immigration proceedings pursuant to INA § 240(c)(7)(A). Without access to the request, Plaintiff will be denied his due process rights as his Counsel will be unable to adequately prepare any Motion on his behalf or advise Plaintiff of his full legal rights.

29. Plaintiff is currently detained in the custody of ICE and is scheduled to be imminently deported if he and his Counsel are unable to file a Motion to Reopen of his behalf, which will cause irreparable harm to Plaintiff and his family, including Plaintiff's ten-year-old U.S. citizen son, Brandon Jesus Najera Melendez. (*See* Exhibit D).

30. Plaintiff's son, Brandon Jesus Najera Melendez, is profoundly deaf and suffers from Bell's Palsy in his face. (*See* Exhibit E). Plaintiff's son is entirely financial dependent on Plaintiff for support. Plaintiff's son relies on special education services for deaf children and specialized medical treatment for his health conditions that is available to him only in the United States. (*See* Exhibit F). Plaintiff's son will suffer irreparable harm if Plaintiff is removed from the United States as Plaintiff's son is a minor child who will have no option but to accompany Plaintiff to his home country of Honduras if he is removed from the United States.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
**(Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Disclose Responsive Records)**

31. The Plaintiff repeats, alleges and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1–30 above.

32. The Defendants are obligated under 5 U.S.C. § 552(a)(3) to promptly produce records responsive to the Plaintiffs' FOIA requests and supplement thereto.

33. The Plaintiff has a legal right to obtain such records, and no legal basis exists for the Defendants' failure to disclose them.

34. The Defendants' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## SECOND CAUSE OF ACTION
**(Violation of the Freedom of Information Act, 5 U.S.C. § 552, for Failure to Respond within Time Required)**

35. The Plaintiff repeats, alleges and incorporates the foregoing paragraphs as if set forth in full.

36. The Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly produce records responsive to the Plaintiffs' FOIA requests. The Plaintiffs have a legal right to obtain such records, and no legal basis exists for the Defendants' failure to disclose them.

37. The Defendants' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendants as follows:

   a) Order the Defendants to expeditiously conduct an adequate search for all records responsive to the Plaintiffs' FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

a) Order the Defendants to expeditiously conduct an adequate search for all records responsive to the Plaintiffs' FOIA requests in accordance with 5 U.S.C. § 552(a)(3)(C);

b) Declare that the Defendants' failure to disclose the records responsive to the Plaintiffs' request violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

c) Declare that the Defendants' failure to promptly produce records responsive to the Plaintiffs' request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

d) Order the Defendants to expeditiously process and disclose all responsive, nonexempt records, and enjoin the Defendants from improperly withholding records;

e) Award the Plaintiffs reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation; and

f) Grant any other further relief that this Honorable Court deems just and proper.

Respectfully Submitted,

January 3, 2020
Date

Jay Schine Marks /s/
Jay Schine Marks
Bar No.: 09602
Law Offices of Jay S. Marks, LLC.
836 Bonifant Street
Silver Spring, MD 20910
Tel: (301) 578-4444
Fax: (301) 578-9397
jay@marksjustice.com

## Verification By Plaintiff's Legal Representative
*Pursuant to 28 U.S.C. § 2242*

I, Jay S. Marks, counsel for the Plaintiff, am submitting this verification on behalf of the

Plaintiff because I am one of the Plaintiff's attorneys. I have discussed with the Plaintiff the

events described in this Complaint. On the basis of those discussions, I hereby verify that the

statements made in the attached Complaint are true and correct to the best of my knowledge.


Dated: January 3, 2020                          Jay S. Marks /s/
                                                Jay S. Marks
                                                *Counsel for Petitioner*



Attachments:
Exhibit A: Plaintiff's Initial FOIA Request;
Exhibit B: EOIR Response Letter to Plaintiff's FOIA Request (dated October 22, 2019);
Exhibit C: ICE Detainee Locator Record for Plaintiff;
Exhibit D: Birth Certificate for Plaintiff's Son, Brandon Jesus Najera Melendez; and
Exhibit E: Plaintiff's Son's Medical Records.
Exhibit F: Plaintiff's Son's Special Education Records.